**CT Corporation**

**Service of Process Transmittal**
12/06/2019
CT Log Number 536759399

**TO:** Jorge Carretero
Grupo Cuprum S.A.P.I. de C.V.
Diego Diaz de Berlanga 95-A, Frac. El Nogalar
San Nicolas de los Garza
N.L. 66480

**RE:** Process Served in Louisiana

**FOR:** Louisville Ladder Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GERALD J. POWER, Pltf. vs. LOUISVILLE LADDER INC. etc., and ABC INSURANCE Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 24th Judicial District Court, Parish of Jefferson, LA<br>Case # 801642 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/09/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/06/2019 at 08:50 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 calendar days after the service hereof |
| **ATTORNEY(S) / SENDER(S):** | JASON M. BAER<br>BAER LAW, LLC<br>3000 KINGMAN STREET, SUITE 200<br>Metairie, LA 70006<br>504-372-0111 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Worldwide Saver, 1ZX212780414058802<br><br>Email Notification, Marilyn Polsgrove mpolsgrove@louisvilleladder.com<br><br>Email Notification, Jorge Carretero jorge.carretero@cuprum.com<br><br>Email Notification, Daniel Ivan Puente Medina Daniel.puente@cuprum.com<br><br>Email Notification, MIKE VANBREE mike.vanbree@louisvilleladder.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of 1 / HS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A




(101) CITATION: PETITION FOR DAMAGES;   191125-3850-9

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

GERALD J POWER
   versus
LOUISVILLE LADDER INC, DAVIDSON LADDERS, ABC INSURANCE COMPANY

Case: 801-642    Div: "A"
P 1 GERALD J. POWER

To: LOUISVILLE LADDER INC
THROUGH ITS REGISTERED AGENT
C T CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE LA 70816

EBR CK#1264
$39.36

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney JASON M. BAER and was issued by the Clerk of Court on the 25th day of November, 2019.

/s/ Giselle A Leglue
Giselle A Leglue, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;   191125-3850-9

Received:_____  Served:_____  Returned:_____

Service was made:
   ____ Personal         ____ Domiciliary _____

Unable to serve:
   ____ Not at this address    ____ Numerous attempts _____ times
   ____ Vacant                 ____ Received too late to serve
   ____ Moved                  ____ No longer works at this address
   ____ No such address        ____ Need apartment / building number
   ____ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
               Deputy Sheriff
Parish of: _____

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 801-642                                          DIVISION: "A"

GERALD J. POWER

VERSUS

LOUISVILLE LADDER INC. d/b/a DAVIDSON LADDERS AND ABC INSURANCE

COMPANY

FILED: _____                _____
                                                DEPUTY CLERK

**********************************************************************************

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, GERALD J. POWER ("Mr. Power"), who respectfully submits the following Petition for Damages:

I. INTRODUCTION

1.

This cause of action arises out of the ladder that buckled under Mr. Power ("the Ladder") on or about June 9, 2019 in the Parish of Jefferson, State of Louisiana.

II. THE PARTIES

2.

Made Plaintiff herein is:

GERALD J. POWER, a person of the full age of majority and resident of and domiciled in the Parish of Jefferson, State of Louisiana.

3.

Made Defendants herein are:

LOUISVILLE LADDER INC. D/B/A DAVIDSON LADDERS ("Louisville Ladder"), a foreign corporation, authorized to do and doing business in the State of Louisiana, who upon information and belief was the manufacturer and distributer of the Ladder.

ABC INSURANCE COMPANY ("ABC Insurance"), a foreign or domestic insurance company licensed to do and doing business in the State of Louisiana, who upon information and belief provided liability insurance for injuries arising from the negligence and/or defective design

1

and the defective warnings of Louisville Ladder for the its ladders, including the Ladder in this case.

### III. VENUE

4.

Venue in this Court is proper according to Louisiana Code of Civil Procedure, Articles 42 and 74, *et seq.* because the damages were sustained in Jefferson Parish.

### IV. JURISDICTION

5.

This Court has personal jurisdiction over Louisville Ladders pursuant to the Louisiana Long Arm Statute, La. R.S. § 13:3201.

6.

This Court has personal jurisdiction over Louisville Ladders pursuant to La. R.S. § 13:3201 because it is either a domestic insurer or a foreign insurer authorized to do business in Louisiana and because it (1) transacts business in Louisiana and (2) contracts to supply insurance in this state.

7.

This Court has original subject matter jurisdiction over this cause of action.

### V. FACTS

8.

On or about June 9, 2019, Mr. Power was at his home located at municipal address 445 Tutor Avenue, River Ridge, LA 70123.

9.

On that date, at approximately 1:45 P.M., he was standing on a Ladder to reach and work on a cable that lifts the garage door in his home.

10.

The ladder was level and resting on all four feet while Mr. Power was using it.

11.

On that date, Mr. Power weighed one hundred eighty-five (185) pounds.

24th E-Filed: 11/20/2019 15:27:24 Case: 801642 Div:A Atty:031609 JASON M BAER

12.

Mr. Power was being cautious on the Ladder and using it properly and cautiously.

13.

The Ladder was manufactured in January 2009.

14.

Louisville Ladders (doing business as Davidson Ladders) manufactured and distributed the Ladder and others like it.

15.

The Ladder was a six-foot ladder.

16.

The Ladder model was W-2212-06S.

17.

Suddenly, as Mr. Power was standing on the third step of the Ladder to reach the garage cable, the Ladder failed.

18.

The Ladder failed when the diagonal braces, the end caps, the front feet, the first rung, and the bottom of the right front rail buckled and collapsed.

19.

This caused Mr. Power to fall back onto his left side, with his ribs hitting the doorstep going into the house and his head hitting the garage floor.

### VI. FAULT OF LOUISVILLE LADDERS

20.

The allegations of Paragraphs 1-18 are copied as if set forth herein *in extenso*.

21.

Louisville Ladders manufactured, constructed, designed, and distributed the Ladder that collapsed underneath Mr. Power.

21.

Louisville Ladders had a duty to exercise ordinary care in the design, testing, marking, and distribution of the Ladder to ensure that it was not unreasonably dangerous for its intended and

3

foreseeable use of having an individual climb it to try to reach something that would otherwise be beyond his or her reach.

22.

In particular, Louisville Ladders should have prioritized other reasonable, alternative designs such as using a stronger aluminum alloy or adding additional bracing to prevent the deformation and distortion of the Ladder.

23.

Adjusting the type of alloy or adding additional bracing would have been an easy-to-implement, low-cost solution would have increased the Ladder's utility.

24.

The lack of bracing and alloy type existed at the time the Ladder left Louisville Ladders's possession and control.

25.

It was foreseeable that an individual weighing substantially less than the posted load capacity, which was two hundred twenty-five (225) pounds, would use the Ladder.

26.

Despite the alloy type and lack of bracing, Louisville Ladders placed a generic "Danger" instruction on the Ladder which stated "FAILURE TO READ AND FOLLOW INSTURCITONS ON THIS LADDER MAY RESULT IN INJURIES OR DEATH" and stating an electrocution hazard.

27.

There was also a yellow "CAUTION" label that instructed against over-reaching and step above the safe rungs, along with other commonsense instructions, such as keeping the steps dry and clean and reading "ADDITIONAL INSTURCITONS ON LADDERS."

28.

No other specific instructions were on any labels; however, there was a label containing the model information and weight limit.

29.

The label specifically states a load capacity of "225 LBS."

24th E-Filed: 11/20/2019 15:27:24 Case: 801642 Div:A Atty:031609 JASON M BAER

30.

An ordinary ladder user would expect the Ladder, which had a two hundred twenty-five (225) pound load capacity to be able to support an individual weighing only one hundred eighty-five (185) pounds without deforming or distorting under his or her weight.

## VII. LIABILITY OF ABC INSURANCE COMPANY

31.

ABC INSURANCE COMPANY, at all times relevant herein, had in full force and effect a policy of liability insurance covering Louisville Ladders for its negligence and product liability claims for the Ladder involved in the June 9, 2019 incident at issue herein.

32.

As a result of the foregoing and as per applicable Louisiana law, ABC INSURANCE COMPANY has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability of Louisville Ladders.

## VIII. DAMAGES

33.

Mr. Power re-alleges and incorporates the allegations of paragraphs 1-32 as if copied herein *in extenso*.

34.

As a result of said June 9, 2019 incident described above, Mr. Power suffered personal and bodily injuries including, but not limited to, right arm injuries, rib injuries, head trauma, lower back pain, neck pain, and pain between his shoulder blades, among other injuries. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

35.

Mr. Power's injuries and damages were directly caused by Lousiville Ladders's choice to manufacture the Ladder with a defective design and inadequate warnings.

36.

As a result of the incident at issue, Mr. Power has suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Past, present, and future lost wages & loss of earning capacity; and

e) Loss of enjoyment of life.

WHEREFORE, Plaintiff, Mr. Power, prays that Defendants, Louisville Ladders, Inc. and ABC Insurance Company, be served with a copy of this Petition and, after being duly cited to appear and respond thereto, and after the expiration of all legal delays and due proceedings are had, there be a judgment in favor of Mr. Power and against Defendants in an amount of damages reasonable and found reasonable at trial, together with legal interest thereon from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

24th E-Filed: 11/20/2019 15:27:24 Case: 801642 Div:A Atty:031609 JASON M BAER

**CONTINUED ON NEXT PAGE**

Respectfully Submitted,

BAER LAW, LLC

BY: _____
JASON M. BAER (# 31609)
CASEY C. DEREUS (#37096)
JOSHUA A. STEIN (# 37885)
3000 Kingman Street, Suite 200
Metairie, LA 70006
Telephone: (504) 372-0111
Facsimile: (504) 372-0151
Email: jbaer@baerlawllc.com
Email: cdereus@baerlawllc.com
Email: jstein@baerlawllc.com
*Counsel for Plaintiff*

and

Brian King, La. Bar #24817
Jason F. Giles, La. Bar #29211
Michael J. Simonson, La. Bar # 34091
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone: 504-909-5464
Fax: 800-901-6170
bking@kinginjuryfirm.com
jgiles@kinginjuryfirm.com
mjsimonson@kinginjuryfirm.com

**PLEASE SERVE:**

LOUISVILLE LADDER INC.
*Through its Registered Agent*
C T CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

EBR ck##
1264
$39.36

**\*\*PLEASE WITHHOLD SERVICE ON ABC INSURANCE\*\***

7

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

24th E-Filed: 11/20/2019 15:27:24 Case: 801642 Div:A Atty:031609 JASON M BAER