## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD J. POWER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14627** |
| **LOUISVILLE LADDER INC.** | **SECTION "L" (3)** |

### ORDER & REASONS

Pending before the Court is Defendant Louisville Ladder, Inc.'s Motion for Summary Judgment. R. Doc. 24. Plaintiff has not filed an opposition. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

## I.        BACKGROUND

This case arises from personal injuries Plaintiff Gerald Power allegedly sustained when the ladder he was standing on failed. R. Doc. 1-2. Plaintiff alleges that on June 9, 2019, he was standing on the third step of a ladder while performing maintenance on his garage door. R. Doc. 1-2 ¶ 9. At the time, Plaintiff avers he weighed 185 pounds and was using the ladder "properly and cautiously," with all four feet resting on the ground." R. Doc. 1-2 ¶ 10-14. Plaintiff explains the "[l]adder failed when the diagonal braces, the end caps, the front feet, the first rung, and the bottom of the right front rail buckled and collapsed," causing Plaintiff to fall and sustain injuries to his ribs, arms, back, neck, and head. R. Doc. 1-2 ¶ 18-19.

Based on the foregoing factual allegations, Plaintiff filed suit against Louisville Ladder, Inc. ("Louisville"), the designer, manufacturer, and distributer of the ladder that allegedly caused his injuries. Plaintiff contends Defendant had a duty to design a reasonably safe product and breached that duty by designing a ladder that lacked adequate bracing and/or contained a weak aluminum alloy that allowed the ladder to be disformed and distorted. R. Doc. 1-2 ¶ 21-23. Plaintiff

1

notes that the ladder's warning label was "generic" and specifically stated a load capacity of 225 pounds. R. Doc. 1-2 ¶ 26, 29. Plaintiff also filed suit against an unidentified insurance company that allegedly provided an insurance policy to Defendant Louisville.

Plaintiff seeks to recover damages for his serious physical injuries, including injuries to his arms, ribs, head, lower back, neck, and shoulders, which continue to require medical treatment. R. Doc. 1-2 ¶ 34. He also seeks to recover for past, present, and future mental pain and suffering, physical pain and suffering, medical expenses, lost wages and loss of earnings capacity, and loss of enjoyment of life. R. Doc. 1-2 ¶ 36.

Defendant timely removed the case to federal court on the basis of diversity jurisdiction. R. Doc. 1. Shortly thereafter, Defendant answered the complaint, generally denying the allegations contained therein. R. Doc. 4. In particular, Defendant argues Plaintiff's injuries are the result of his own negligence or that of third parties for which Defendant is not responsible. R. Doc. 4 at 4. Defendant also raises several other affirmative defenses including assumption of the risk, unforeseeable alteration of the ladder, misuse of the ladder, failure to mitigate damages, prescription and/or preemption, and off-set.

## II.   PENDING MOTION

Defendant has filed a motion for summary judgment. R. Doc. 24. Defendant seeks summary judgment on the grounds that (1) the stepladder was not unreasonably dangerous in construction or composition; (2) the stepladder was not unreasonably dangerous in design; (3) the stepladder did not contain inadequate warnings; and (4) the stepladder did not breach any express warranties. R. Doc. 24.

Although Plaintiff's counsel withdrew on June 15, 2020, Plaintiff was advised to obtain substitute counsel and was informed of the pending motion and relevant deadlines in this case. R.

2

Doc. 23. To date, Plaintiff has neither secured substitute counsel nor filed an opposition to this pending motion.

### III. LAW & ANALYSIS

#### A. Summary Judgment Standard

As an initial matter, the Court recognizes that Plaintiff is a *pro se* litigant. Although courts must construe *pro se* pleadings liberally, without holding them to the stringent standards expected from a represented party, "*pro se* parties must still brief the issues and reasonably comply with" applicable procedural rules. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Accordingly, Plaintiff's burden with respect to the instant motion is not lessened merely because he is not represented by counsel.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The Court may not grant Defendant's motion for summary judgment "merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). Indeed, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steep Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). The Court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts," *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), nor need it "sift through the record in search of evidence to support a party's opposition," *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Accordingly, a court may construe a statement of facts as undisputed in the absence of an opposition. *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 440 (S.D. Tex. 2015) (citing *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001)).

### B. Louisiana Products Liability Act

Plaintiff's claims arise under the Louisiana Products Liability Act ("LPLA"), which establishes the exclusive theories of liability for manufacturers whose products cause harm. La. R.S. § 9:2800.52. Specifically, a manufacturer is liable for damage for damage "caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product."[1] *Id.* § 9:2800.54. A product is unreasonably dangerous under the LPLA if: (1) it is unreasonably dangerous in construction or composition; (2) it is unreasonably dangerous in design; (3) an adequate warning has not been provided; or (4) it does not conform to an express warranty. *Id.* To impose liability, the characteristic that renders the product unreasonably dangerous must have been present in the product at the time it left the manufacturer's control. *Id.* Defendant contends summary judgment is warranted with respect to each theory of liability. The Court considers each in turn.

### 1. *Defect in Composition or Construction*

Under the LPLA, a product is unreasonably dangerous in construction or composition if it deviates "in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical units manufactured by the same manufacturer." *Id.* § 9:2800.55. A claimant must demonstrate not only the manufacturer's specifications or performance standards for the particular product, but also how the product materially deviated from those standards so as to render it "unreasonably dangerous." *Jenkins v. Int'l Paper Co.*, 41,566 (La. App. 2 Cir. 11/15/06), 945 So. 2d 144, 150.

---

[1] Because the Court ultimately concludes that summary judgment is warranted with respect to each of Plaintiff's theories of liability, it need not address Defendant's argument that Plaintiff's use of the ladder was not a "reasonably anticipated use."

5

Plaintiff has neither identified the applicable specifications or standards nor demonstrated that the ladder at issue deviated from those standards in any way. In contrast, Defendant has submitted evidence in the form of an expert witnesses' declaration indicating that the ladder did not deviate from the manufacturer's specifications or applicable regulations. R. Doc. 24-2 at 25. Accordingly, Plaintiff has failed to demonstrate that a genuine issue of material fact exists with respect to whether a defect in composition or construction existed.

### 2.  *Defect in Design*

A product is unreasonably dangerous in design if, at the time the product left the manufacturer's control, "there existed an alternative design" that could have prevented the harm and "the likelihood that the product's design would cause the claimant's damage and the gravity of the damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product." La. R.S. § 9:2800.56. Essentially, proving a design defect requires a plaintiff to demonstrate that (1) an alternative design existed; (2) the alternative design would have been "significantly less likely" to cause the harm; and (3) the likelihood that the product as designed would cause the harm was greater than the burden of adopting the alternative design and any adverse effects the new design would have on the utility of the product. *Johnson v. Black & Decker U.S., Inc.*, 29,996 (La. App. 2 Cir. 10/31/97), 701 So. 2d 1360, 1363 (quoting Kennedy, *A Primer on the Louisiana Products Liability Act*, 49 La. L. Rev. 565, 597 (1989)).

Plaintiff has not introduced any evidence that a safer, alternative design was available or that an alternative design could have passed muster under the "risk-utility test" described above. Specifically, Plaintiff's answers to Defendant's interrogatories suggest that Plaintiff has no evidence that the ladder was defectively designed. R. Doc. 24-2 at 6. Although Plaintiff's

complaint alleges Defendant "should have prioritized other reasonable alternative designs such as using a stronger aluminum alloy or addition additional bracing," unsworn statements do not constitute competent summary judgment evidence, *see Moore v. True Temper Sports, Inc.*, 523 F. App'x 280, 281 (5th Cir. 2013), and Plaintiff has provided no evidence that such an alternative design, or indeed *any* alternative design, was feasible. Because Plaintiff has not made a requisite showing that a question of fact exists with respect to any element of a design-defect-based LPLA claim, summary judgment is appropriate with respect to this theory of liability.

### a. Lack of Adequate Warnings

Under the LPLA, a product is unreasonably dangerous if "the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger." La. R.S. § 9:2800.57(A). Essentially, a plaintiff must demonstrate that "his injury arose from a reasonably anticipated use of the product, and that his damage was proximately caused by . . . the lack of an adequate warning." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 331–32 (5th Cir. 2001), *opinion amended on denial of reh'g*, 274 F.3d 881 (5th Cir. 2001). An adequate warning is one that "would lead an ordinary user . . . to contemplate the danger in using or handling the product and either decline to use or handle the product, or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made." La. R.S. § 9:2800.53(9). The adequacy of the warning depends on "the severity of the danger, the likelihood the warning will catch the attention of those who will foreseeably use the product and convey the nature of the danger to them, the intensity and form of the warning, and the cost of improving the strength or mode of the warning." *Moguel v. Rheem Mfg. Co.*, No. CIV.A. 11-2902, 2013 WL 3947170, at *6 (E.D. La. July 31, 2013) (citing *Black v. Gorman–Rupp*, 94–1494, p. 4 (La. App. 4 Cir. 5/16/95); 655 So.2d 717, 721.

Although Plaintiff's complaint alleges that the ladder's "generic 'Danger' instruction" and "yellow 'CAUTION' label" were inadequate warnings, he provides no evidence to support that claim. In answering interrogatories and during his deposition, Plaintiff admitted he read the ladder's warning and instruction labels, acknowledged that he knew how to safely use the ladder, and had no questions after reading the instructions. R. Docs. 24-2 at 45, 46; 24-3 at 9. Plaintiff further admitted that he would not have used the ladder had he not known how to properly do so. R. Docs. 24-2 at 45, 46; 24-3 at 9. Plaintiff has provided no evidence or even argument that the warnings were too small, too vague, incomprehensible, or in any way inadequate to alert an user to the potential dangers involved in the ordinary use of a ladder. Accordingly, Plaintiff has not sustained his burden on his failure to warn claim.

### b. Express Warranty

A product can also be unreasonably dangerous under the LPLA if "it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant . . . to use the product and the claimant's damage was proximately caused because the express warranty was untrue." La. R.S. § 9:2800.58. An express warranty is "a representation of fact or promise about a product . . . that represents . . . that the product . . . will meet a specified level of performance." *Id.* § 9:2800.53(6). Accordingly, an express warranty claim involves the following four elements: (1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002).

Plaintiff has introduced no evidence that he relied upon an express warranty when selecting

8

the ladder at issue. In his deposition, he indicated that he had never heard of Louisville Ladder before the accident and admitted that he did not rely upon any representations made by the company or any salesmen when selecting the ladder. R. Doc. 24-3 at 9, 22. He specifically did not "rely on any advertisements, or literature, in selecting" the ladder. *Id*. He assumed he selected this particular ladder because it was "small, sturdy, and light," and because it was well suited for changing lightbulbs in his home. *Id*. Because Plaintiff has introduced no competent summary judgment evidence to suggest that he relied on an express warranty in selecting the ladder, the Court concludes that summary judgment is appropriate with respect to Plaintiff's breach of express warranty claim.

Because Plaintiff has failed to introduce any evidence demonstrating that a question of material fact exists with respect to any theory of liability under the LPLA, the Court finds summary judgment warranted.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana this 14th day of July, 2020.

Eldon E. Fallon
United States District Court

CC:    Gerald Power
       445 Tudor Ave
       River Ridge, LA 70123